UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTEN BROWN, ALEX BROWN, And RYAN BROWN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:17CV2815 HEA ) |
| PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 13]. Defendants oppose the Motion.[1] For the reasons set forth below, the Motion is granted.

### **Facts and Background**

Plaintiffs filed this action in the Circuit Court for the City of St. Louis, Missouri on October 12, 2017. The Petition alleges that this action is an action for damages against Defendants William Davis Logging, William Davis, Progressive Premier Insurance Company of Illinois, and Artisan and Truckers Casualty Company. According to the Petition, all Plaintiffs are citizens of Illinois, as are William Davis Logging and William Davis.

---

[1] Defendant has filed a Motion to Dismiss, [Doc. No. 7]. The Court, however, will not address the Motion to Dismiss in light of its conclusion that it is without jurisdiction.

After a jury trial, Plaintiffs obtained a judgment in the amount of Three million dollars against Defendants Kenneth L. Davis, Jr., William Davis and William Davis Logging, Inc. on June 20, 2014 for injuries sustained by Plaintiffs' decedent in an automobile accident.

Plaintiffs have brought an equitable garnishment count pursuant to §379.200 RSMo as judgment creditors of William Davis Logging, Inc. and William Davis, Progressive's insureds. The claim is against Defendants Progressive, William Davis Logging, and William Davis based on a policy of commercial auto insurance issued by Progressive Premier to William Davis and William Davis Logging. The limit of liability contained in the policy is $750,000 for bodily injury and property damage. The policy also provided, in addition to the limit of liability, additional payments for interest accruing after entry of judgment on that part of the judgment that does not exceed the limit of liability. Progressive had previously paid 45,000 to the Missouri Department of Transportation for property damage which resulted from the accident.

On June 21, 2014, Progressive tendered to Plaintiffs $705,000,[2] which it claims exhausted the liability limit of the Progressive policy. Progressive also paid $3,622.90 in expenses. On December 1, 2017, Progressive issued a check in the amount of $4.52 to Plaintiffs. According to Defendants, this amount represents the

---

[2] Progressive tendered the $705,000 prior to the entry of judgment, conditioned on the release of Kenneth L. Davis, Jr. in addition to the named insureds.

amount of interest due from the time of entry of judgment in the underlying case on June 20, 2014 until Progressive tendered its remaining limits of liability under the insurance policy on June 21, 2014.

Defendants' removal is based on its position that the Davis Defendants were fraudulently joined in the equitable garnishment action because Progressive paid the limits of its liability, therefore, the garnishment action is not viable. Defendants moved to dismiss this claim. Plaintiffs move to remand arguing that the Davis Defendants are necessary parties to the garnishment action, that the failure to pay interest gives rise to the equitable garnishment claim.

**Discussion**

Federal district courts have original jurisdiction over all civil actions which are "between citizens of different States and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The party seeking the federal forum based on diversity has the burden of pleading diversity of the citizenship of the parties. *Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997). The burden of establishing diversity jurisdiction is by a preponderance of the evidence. *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir. 1992); *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir. 1990); *Russell v. New Amsterdam Cas. Co.,* 325 F.2d 996, 997 (8th Cir. 1964).

The court in *Iowa Pub. Serv. Co. v. Med. Bow Coal, Co.,* held, in regard to diversity that:

> [I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants.... [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction.

556 F.2d 400, 403–404 (8th Cir. 1977) (internal citations omitted).

Fraudulent joinder of a non-diverse party does not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). *See also, BP Chemicals Ltd. v. Jiangsu Sopo Corp,* 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). The Eighth Circuit holds that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law" to support a claim against the defendant whose joinder would preclude removal. *Wiles v. Capitol Indem, Corp.,* 280 F.3d 868, 871 (8th Cir. 2002). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla v. Norfolk Southern Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003). Considerations relevant to determining whether joinder is fraudulent are as follows:

Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear*

under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.,* 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000).

*Id.*

Upon "determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved... [a] district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla,* 336 F.3d at 811 (*citing Fields v. Pool Offshore, Inc.,* 182 F.3d 353, 357 (5th Cir. 1999)).

The party removing and opposing remand has the burden of establishing federal jurisdiction. *Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.3d 1149, 1154 (8th Cir. 1994); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 182 (8th Cir. 1983 (per curiam). Upon considering a motion to remand, a district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Business Men's Assurance,* 992 F.2d at 182 (*citing Steel Valley Auth. v. Union*

*Switch & Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir. 1987)). *See also, Transit Cas. Co v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).

An equitable garnishment action is a legal proceeding, authorized by section 379.200, RSMo to reach and apply insurance money in satisfaction of a judgment. *Smith v. Progressive Cas. Ins. Co.,* 61 S.W.3d 280, 283 (Mo.App. E.D.2001). In an equitable garnishment proceeding, an injured person "stands in the shoes" of the insured because the "rights of the injured person bringing an action against the insurer for equitable garnishment are derivative and can rise no higher than those of the insured...." *Id., quoting Hayes v. United Fire & Cas. Co.,* 3 S.W.3d 853, 857 (Mo.App. E.D.1999).

Plaintiffs brought the equitable garnishment action against Defendants under section 379.200. Their recovery against Defendants is, therefore, limited to the remedies provided in the statute. Section 379.200 provides:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have *the insurance money*, *provided for in the contract of insurance* between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the

satisfaction of the judgment. This section shall not apply to any insurance company in liquidation.

The Court concludes because the insurance policy provides for "Additional Payments" of post judgment interest, there is arguably a reasonable basis for predicting that the state law might impose liability for the interest payment. (Compare, *Eichholz v. Secura Supreme Ins. Co.,* No. 11-4084-CV-C-MJW, 2012 WL 13018654, at *3–5 (W.D. Mo. Dec. 5, 2012), where the Court found that because the policy did not provide for pre-judgment interest, there was no arguable basis to find a reasonable possibility that the state court would find in favor of the plaintiffs.)

The statute limits Plaintiffs' recovery to the proceeds of the Progressive policy, which are capped at $750,000, *plus* post judgment interest.

The proceeding authorized by section 379.200, "although sometimes called an 'equitable garnishment,' is no garnishment at all.*" Zink v. Employers Mut. Liab. Ins. Co.,* 724 S.W.2d 561, 564 (Mo. App. 1986), *overruled on other grounds at Johnston v. Sweany*, 68 S.W.3d 398, 404 (Mo. banc 2002); *see also Glover v. State Farm Fire & Cas. Co*., 984 F.2d 259, 260 (8th Cir. 1993) (same*); Lancaster v. American & Foreign Ins. Co.*, 272 F.3d 1059, 1061-63 (8th Cir. 2001) (contrasting actions under section 379.200 from true garnishments under Chapter 525 of the Revised Statutes of Missouri and Rule 90 of the Missouri Rules of Civil

Procedure); *Johnston,* 68 S.W.3d at 403-04 (same). An action under section 379.200 is a statutory cause of action. *Glover*, 984 F.2d at 260.

An action under section 379.200 is a direct action against an insurer as opposed to a true garnishment, an important distinction. *Lancaster* at 1063. "[T]wo different procedures are available to a judgment creditor: a direct action under section 379.200 or an ancillary proceeding under the general garnishment statutes." *Id*. (citing *Zink*, 724 S.W.2d at 564; *Corder v. Morgan Roofing Co.*, 195 S.W.2d 441, 448 (Mo. 1946); *Lajoie v. Central West Cas. Co. of Detroit, Mich.*, 71 S.W.2d 803 (Mo. App. 1934)); *see also Johnston*, 68 S.W.3d at 403 (same). "[S]ection 379.200 is the exclusive *direct* action remedy a judgment creditor may bring against an insurer. *Lancaster* at 1064 (italics original). Plaintiffs elected to proceed under section 379.020. Consequently, their recovery is limited to the relief provided for within that statute. *See Johnston, id.* at 398.

In *Linder v. Hawkeye-Security Ins. Co.,* 472 S.W.2d 412, 414 (Mo. banc 1971), the sole issue was whether judgment creditors could force an "equitable garnishment" on the liability insurer of the judgment debtor under section 379.200 for any funds beyond the limits of the judgment debtor's policy. The Supreme Court of Missouri reasoned, "there can be no doubt but that the remedy of 'equitable garnishment' is a long recognized part of the equity jurisprudence of this state, and that it serves to fill that void created when the normal processes of law

8

are found to be inadequate." *See id.* "However, as must be recognized, there are now statutory provisions pertaining to the crucial issue in this case." *Id.* (citing Mo. Rev. Stat. §§ 379.195, 379.200). Section 379.200 has been classified as substantive, not procedural, the high court explained. *See id.* (citing *State ex rel. Anderson v. Dinwiddie,* 224 S.W.2d 985, 987 (Mo. banc 1949)). Thus, the court held that "the permitting of such additional recovery from the insurer by the judgment creditor would be in disregard of the statute and would necessarily result in our indirectly repealing the limitations therein." *See id.* at 415. Conversely, if the policy in fact provides for "additional payments" of interest, those payments clearly fall within the perimeters of the statute's "insurance money" provision.

An "equitable garnishment" action is a proceeding to reach and apply insurance money in satisfaction of a judgment. *Rodgers-Ward v. American Standard Ins. Co. of Wisc.*, 182 S.W.3d 589, 592 (Mo. App. 2005). Plaintiffs' recovery is limited to the relief allowed by section 379.200 and post judgment interest is allowed by virtue of the policy language.

**Conclusion**

It is not this Court's duty to determine the substantive issues involved herein as to whether the tender of the interest payment renders this action moot, or whether the payment of the $705,000 stops the running of interest. The determination before the Court is whether the Davis Defendants have been

fraudulently joined to defeat diversity. The record before the Court clearly establishes that they have not, therefore, because Plaintiffs and the Davis Defendants are citizens of the State of Illinois, complete diversity does not exist. The motion to remand must be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 13], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of St. Louis, Missouri.

Dated this 29th day of August, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE